UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

           CASE NO. 8:25-cr-00071-MSS-SPF

vs.

EMILIO ERNESTO QUESADA MARROQIN

 Defendant.
_____/

**DEFENDANT'S SENTENCING**
**MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**

 COMES NOW, Defendant Emilio Ernesto Quesada Marroqin, by and through the undersigned counsel, and files this Sentencing Memorandum and respectfully moves for a downward variance, and in support thereof states:

**I. Procedural History**

 On February 13, 2025, a federal grand jury returned a two count Indictment naming Mr. Marroqin and codefendants. [Dkt. #5]. On March 27, 2025, a Superseding Indictment was filed. [Dkt. #35]. Count One alleges that beginning on an unknown date and continuing through and including on or about February 03, 2025, while upon the high seas and onboard a vessel subject to the jurisdiction of the United States, the defendants did knowingly and willfully conspire with other persons, both known and unknown to the Grand Jury, to distribute a controlled substance. The violation involved five (5) kilograms or more of a mixture and

1

substance containing a detectable amount of cocaine, a Schedule II controlled substance. All in violation of 46 U.S.C. §§ 70503(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).

Count Two alleges that beginning on an unknown date and continuing through and including on or about February 03, 2025, while upon the high seas and onboard a vessel subject to the jurisdiction of the United States, the defendants did knowingly and intentionally possess with the intent to distribute a controlled substance. The violation involved five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance. All in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. The Superseding Indictment contains a forfeiture provision pursuant to 21 U.S.C. §§ 853 and 881, 46 U.S.C. § 70507, and 28 U.S.C. § 2461(c).

Mr. Marroqin was detained at sea on February 03, 2025, and arrested by federal authorities on February 13, 2025 on a federal warrant. He remains in custody at Citrus County Jail. [Dkt. #11]. On May 29, 2025, Mr. Marroqin appeared before the Honorable Judge Sean P. Flynn and pled guilty to counts one and two of the Superseding Indictment. On June 30, 2025, Your Honor accepted Mr. Marroqin's plea. [Dkt. #77]. He will be before the Court for sentencing on August 26, 2025, at 2:00 p.m.

II. **Sentencing Guidelines**

The PSR, applying the 2024 Guidelines Manual, calculated a total offense

level of 31, resulting in an advisory range of 108 months to 135 months incarceration.

He was given a two-level downward adjustment for meeting the criteria set forth in paragraphs (1)-(5) of subsection (a) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), a two-level downward adjustment (Chapter Four Adjustment) for meeting the criteria at U.S.S.G. §§ 4C1.1(a)(1)-(10) as a Zero-Point Offender, a two-level downward adjustment for clearly demonstrating acceptance of responsibility for the offense under U.S.S.G. §3E1.1(a), as well as a one level downward adjustment under U.S.S.G. §3E1.1(b).

As this Court is well aware, a United States District Court is no longer limited by the guidelines since the matrix is merely considered advisory. *United States v. Booker*, 543 U.S. 220, 245-267 (2005). The United States Supreme Court in *Booker* gave judges the flexibility to use the sentencing range produced by the Guidelines as a "starting point" or "initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

Moreover, in *United States v. Talley*, 431 F.3d 784 (11th Cir. 2005), the Eleventh Circuit adopted a two-step procedure that district courts should follow when fashioning a sentence in the post-*Booker* advisory Sentencing Guidelines era. "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines." *Id.* at 786. Second, the district court must consider the following ten factors: 1) the nature and circumstances of the offense and the history and characteristics of the defendant; 2) the need to reflect the

seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 3) the need for deterrence; 4) the need to protect the public; 5) the need to provide the defendant with needed educational and vocational training or medical care; 6) the kinds of sentences available; 7) the Sentencing Guidelines range; 8) pertinent policy statements of the Sentencing Commission; 9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to the victims. *Id. See also 18 U.S.C. §3553(a)*. "The weight to be accorded any given §3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006).

### III. Downward Variance Under 18 U.S.C. §3553 (a)(1)-(7).

Mr. Marroqin is a 28-year-old young man, born on September 5, 1996, in Jutiapa, Guatemala, to parents Martin Valiente and Rosario Quesada. His life has been marked by early separation, emotional distance, and persistent struggle. When he was still an infant, his parents separated—his father immigrated to the United States and has remained absent from Mr. Marroqin's life ever since. His mother also left Guatemala for the United States when Mr. Marroqin was just one year old, leaving him in the care of his maternal grandmother, Rosa Alysia Marroqin.

Raised by his grandmother in a humble but loving home, Mr. Marroqin's basic needs were met, but his childhood was far from easy. The absence of parental figures left emotional scars, instilling in him a deep sense of responsibility. At the

4

age of 15, his mother returned to Guatemala, and Mr. Marroqin embraced the opportunity to reconcile with her. Today, they share a strong and meaningful relationship. His mother now suffers from diabetes and fragile health, and Mr. Marroqin has become the caretaker. His grandmother, the woman who raised him, is now 66 years old and also ailing.

In 2014, Mr. Marroqin married Cindy Garcia Casiano, and together they have two young children: Moises, age 8, and Pablo, age 6. These children have never known a day without their father's presence until this incident. His separation from them since his arrest has been a source of deep anguish for the entire family. He longs to be reunited with them and to resume his role as a devoted husband and father upon his return to Guatemala.

Mr. Marroqin has also faced his own medical challenges. Diagnosed with diabetes at age 16, he has required insulin ever since. He is currently prescribed metformin, and also suffers from untreated high cholesterol. Mr. Marroqin drank alcohol socially starting at age 18, but made the conscious decision to stop in 2020 due to growing concerns related to his diabetes. He has never engaged in the use of illicit substances.

At just 15 years old, Mr. Marroqin was forced to abandon his education after only completing the sixth grade. The financial pressures on his family were great, and he began working on a farm to contribute what he could in an attempt to support them. Throughout his life, he has worked tirelessly—primarily as a farmer and a fisherman—trying to provide for his loved ones despite unreliable income

and limited opportunities. Even while incarcerated, Mr. Marroqin expresses a strong desire to better himself by learning trades such as automotive mechanics and welding.

Mr. Marroquin also requests the Court take into consideration the changes to the Federal Sentencing Guidelines which will go into effect on November 1, 2025. Specifically, that the Court vary downward as a mitigating role adjustment is appropriate here because the defendant's primary function (courier) was performing a low-level trafficking function.

The arrest in this matter has been a heavy blow to his family, who remain deeply saddened yet unwavering in their support. Mr. Marroqin has no prior criminal history. His life reflects not only hardship but perseverance and the desire for redemption. Given the totality of his circumstances—his lack of criminal history, his dedication to his family, his enduring health challenges, and his commitment to rehabilitation—Mr. Marroqin presents as an ideal candidate for a downward variance.

## IV. Conclusion

Based on the circumstances set forth above, a downward variance should be considered in this case.

DATED this 12th day of August, 2025.

                                      Respectfully submitted,

                                      */s/ Vanessa L. King*
                                      Vanessa L. King
                                      Florida Bar No. 90849
                                      2510 1st Ave. N.
                                      St. Petersburg, FL 33713
                                      P: (727) 233-4233
                                      F: (727) 265-1865